IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEDRIA MILLER,

    Plaintiff,

    v.

COVENTRY HOLDING GROUP, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-2064-TWT

## OPINION AND ORDER

This is an employment retaliation action. It is before the Court on the Plaintiff Dedria Miller's Motion for Attorney Fees and Expenses [Doc. 69] and her Interim Motion for Attorney Fees [Doc. 83]. For the following reasons, the Plaintiff's Motion for Attorney Fees and Expenses [Doc. 69] is denied as moot and her Interim Motion for Attorney Fees [Doc. 83] is granted.

## I.  Background

This matter went to trial on November 4, 2024. A jury found in the Plaintiff Dedria Miller's favor on her sole retaliation claim under Title VII of the Civil Rights Act of 1964 and awarded her back pay, compensatory, and punitive damages. Post-trial, Miller also sought front pay for a period of three years. [Doc. 68]. On November 22, 2024, Miller filed a Motion for Attorney's Fees, [Doc. 69], as a placeholder motion to comply with Fed. R. Civ. P. 54(d)(2)(B)'s requirement that such a motion be made within 14 days of the entry of judgment. On January 10, 2025, she filed her itemized Interim Motion

for Attorney's Fees [Doc. 83]. These Motions are presently before the Court.

## II.  Legal Standards

A party prevailing on a Title VII claim may seek reasonable attorney's fees from the Court, and the Court has discretion to grant such an award. 42 U.S.C. § 2000e-5(k). The Eleventh Circuit has approved the use of the lodestar method for calculating reasonable attorney's fees in these types of cases. *See, e.g.*, *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1491-92 (11th Cir. 1994). Under the lodestar analysis, "the [C]ourt must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services." *Ass'n of Disabled Am. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). The lodestar can then be adjusted up or down based on a variety of factors, including the degree of the plaintiff's success in the suit. *Id.*; *see also Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1351-52 (11th Cir. 2008).

Under Eleventh Circuit precedent, a reasonable hourly rate under the lodestar analysis "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (quotation marks and citations omitted). The Court itself is an "expert on the question [of reasonable hourly rates] and may consider its own knowledge and experience concerning reasonable and proper fees and may

form an independent judgment either with or without the aid of witnesses as to value." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). What an attorney charges his paying clients "is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as determined by supply and demand." *Dillard*, 213 F.3d at 1354-55 (quotation marks and citation omitted). "The party seeking attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates . . . . By satisfactory evidence, we mean more than the affidavit of the attorney performing the work." *Loranger*, 10 F.3d at 781 (quotation marks and citation omitted).

In making the lodestar determination, courts may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1300 (11th Cir. 1988) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974); *see also Bivins*, 548 F.3d at 1350-52. If the Court is "faced with a massive fee application . . . an hour-by-hour review is both impractical and a

3

waste of judicial resources." *Loranger*, 10 F.3d at 783. In those circumstances, the court is permitted to impose an across-the-board percentage reduction supported by a "concise but clear explanation of its reasons for the reduction." *Id.*; *see also Bivins*, 548 F.3d at 1351.

### III. Discussion

Miller seeks approximately $183,966.50 in attorney's fees from Coventry. (Pl.'s Reply in Supp. of Pl.'s Interim Mot. for Atty's Fees, at 2, 9). Miller contends that the total hours have been reduced to eliminate any excessive, redundant, or unnecessary time spent and that, as a result, the fee petition is "underbilled." (Pl.'s Interim Mot. for Atty's Fees, at 6-7). Miller also argues that the $750 hourly rate billed for her attorneys, Mr. Maduff and Mr. Billips, is reasonable based on the Atlanta market for attorneys of their experience. (*Id.* at 11-16). Coventry does not dispute that Miller was fully successful and therefore a prevailing party but challenges both the hourly rate billed by Miller's counsel and the overall hours as excessive and unreasonable. (Def.'s Resp. in Opp. to Pl.'s Mot. for Interim Atty's Fees, at 2-3). In support of its argument, Coventry filed a surreply with its counsel's time records indicating that it was billed roughly half of what Miller seeks and was charged hourly rates of $300 and $350 for its counsel. (Surreply in Opp. to Pl.'s Mot. for Interim Atty's Fees, at 2-3). The Court will address each argument in turn.

4

### A. Hourly Rate

Coventry does not dispute the expertise and specialized knowledge of Miller's counsel but instead focuses its objections on the *Johnson* factors, arguing that this case was "not sophisticated," was "simple," and that "[n]othing occurred at trial to justify a $750 hourly rate." (Def.'s Resp. in Opp. to Interim Mot. for Atty's Fees, at 2). As Miller points out, however, the fact that she retained highly qualified counsel does not itself necessitate a reduction in the hourly rate figure just because the case did not require the utmost of counsel's skill and experience. *See Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1192 (11th Cir. 1983) ("Civil rights litigants may not be charged with selecting the nearest and cheapest attorney."). Coventry also does not challenge the assertion that $750 per hour is the prevailing market rate for employment attorneys in the Atlanta area with the experience Maduff and Billips have. Nonetheless, the Court relies on its own knowledge and experience concerning reasonable fees in similar cases to determine that the $750 hourly rate requested by Maduff and Billips is excessive and does not reflect the prevailing market rate for the Atlanta area. *See Loranger*, 10 F.3d at 781.

Miller's attorney's fees application is supported by four declarations: the declarations of Maduff and Billips, and the declarations of attorneys Kristine Orr Brown and Shari Rhode. (Pl.'s Mot. for Interim Atty's Fees, Exs. 2-5 [Docs.

83-2 to 83-5]). The Court has reviewed all of these declarations. Maduff and Billips's declarations are entitled to reduced weight because they are self-serving and do little more than recount their qualifications as justification for their requested fee amounts. *See Loranger*, 10 F.3d at 781 ("By satisfactory evidence, we mean more than the affidavit of the attorney performing the work."). The Court does not doubt counsels' qualifications but is additionally tasked with determining "the prevailing market rate" in the Atlanta legal community for attorneys with comparable skills and experience. *See Dillard*, 213 F.3d at 1354. Maduff and Billips's declarations bear little on that point. For his part, Maduff cites no cases in support, and Billips cites a recent Northern District of Alabama case and several Northern District of Georgia cases ranging from 6 to 10 years old. In the most recent of the cases from this district, Judge Jones did not determine an applicable hourly rate in awarding attorney's fees in conjunction with a motion for sanctions. *Watts v. Silverton Mortgage Specialists*, Inc., 17-cv-3574-SCJ, Doc. 134 (N.D. Ga. Apr. 22, 2019). However, a later motion for attorney's fees applied a $350 hourly rate for the plaintiff's lead counsel, far in excess of the $750 hourly rate that Miller's counsel seeks here. *Id.*, Doc. 168 at 17. The remaining cases cited by Billips are either not employment cases or are class actions, and "the market rate for federal civil litigation is too over-inclusive to be relevant." *Draper v. Atlanta Indep. Sch. Sys.*, 2008 WL 11407320 at *11 (N.D. Ga. Apr. 14, 2008) (brackets

omitted) (citing *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 737 (11th Cir. 1988).

Rhode's and Brown's declarations likewise do little to assist the Court with determining the prevailing market rate for employment attorneys in the Atlanta area. Brown states that she charged $400 per hour when she took on new cases but explains that she was told that rate was "lower" than her colleagues charged, and states that Billips's experience commands a $750 hourly rate in the Atlanta area in large part because he has been practicing six years longer than her. (Brown Decl., [Doc. 83-4], ¶¶ 8, 11). Rhode, who practices primarily in southern Illinois, recounts Maduff's qualifications and states that she knows Maduff "regularly receives $750 per hour from paying clients," including those in the Northern District of Georgia. (Rhode Decl., [Doc. 83-5], ¶¶ 1, 9-15).

Based on the Court's own experience in ruling on motions for attorney's fees and resolving cases brought under Title VII, the Court finds that a rate of $600 per hour is reasonable for Maduff and Billips, given their qualifications and experience. *See Loranger*, 10 F.3d at 781. In February 2024, Billips requested and received attorney's fees at an hourly rate of $500 per hour in an employment case in this district. *Brooks v. Carr Protective Serv., Inc.*, 2024 WL 4005235, at *1, 3 (N.D. Ga. Feb. 21, 2024). In July 2024, another partner from Barrett & Farahany was awarded attorney's fees at her requested hourly

7

rate of $550 per hour in an employment action. *Faulk v. Dimerco Express USA Corp.*, 2024 WL 3861012, at *1-2 (N.D. Ga. July 10, 2024). And in August 2022, a third partner at Barrett & Farahany was awarded attorney's fees at a rate of $475 per hour after having requested $500 per hour. *Jordan v. City of Atlanta*, 2022 WL 22867728, at *2-3 (N.D. Ga. Aug. 12, 2022). Thus, although Maduff and Billips's assertions that they charge paying clients $750 per hour is solid evidence of their going market rate, *see Dillard*, 213 F.3d at 1354-55, a review of the declarations provided and the Court's consideration of the prevailing market rate for employment attorneys in the Atlanta area more generally counsels in favor of finding a $600 per hour rate to be reasonable as to these attorneys. This rate reasonably reflects the amount of time involved to litigate this case, including through trial, and the successful result obtained, along with the experience and reputation of Billips and Maduff, and awards in similar cases in this district. *Norman*, 836 F.3d at 1299-1300.

To the extent Coventry argues that Billips and Maduff's hourly rate should be more in line with the $375 per hour that its counsel charged, the Court need not consider Coventry's time records because it raised this argument and presented its time sheets for the first time in its surreply brief. *See, e.g., Kellner v. NCL (Bahamas), LTD.*, 753 F. App'x 662, 667 (11th Cir. 2018) ("[A] party cannot argue an issue in its reply brief that was not preserved in its initial brief." (quotation marks and citation omitted)). In any event,

evidence of what Coventry's counsel billed is not necessarily as persuasive as cases awarding fees to prevailing parties, considering Coventry lost at trial. Further, Coventry does not object to the hourly rates for any staff who assisted Maduff and Billips, including paralegals and other support stuff. The Court has reviewed their billed hourly rates and finds them to be reasonable considering the *Johnson* factors.

## B. Hours Expended

Miller submitted evidence that her legal team devoted a total of 307.5 billable hours to her case. (Pl.'s Reply in Supp. of Interim Mot. for Atty's Fees, Ex. 2). Coventry does not take issue with any specific hours billed as unreasonable but instead requests "at least" a sixty percent reduction in the overall fees requested by Miller. Coventry cites no authority in support of its request and the authority found by the Court does not support it. The Eleventh Circuit has endorsed across-the-board percentage reductions either in the number of hours claimed or the final lodestar figure only "[w]here fee documentation is voluminous, such [that] an hour-by-hour review is simply impractical and a waste of judicial resources." *Loranger*, 10 F.3d at 783. For example, in *Loranger*, the motion and supporting time sheets exceeded 400 pages. *Id.* at 779. Coventry does not explain with any detail why a sixty percent reduction is warranted, and its arguments that the case was "straightforward" and that there were "no complicated issues" cut against a finding that an

9

across-the-board reduction is warranted. Miller's supporting documentation corroborates this—her interim motion, time sheets, and supporting declarations altogether were 96 pages, with the time sheets themselves being only 13 pages. Her revised time sheet was further reduced to 11 pages. Moreover, Coventry does not take issue with any specific hours billed to Miller beyond arguing generally that the discovery involved was minimal and the parties did not engage in motions practice. *See In re Home Depot, Inc.*, 931 F.3d 1065, 1089-90 (11th Cir. 2019) (noting that "[t]he level of specificity required by district courts [in responding to fee objections] is proportional to the specificity of the fee opponent's objections."). Therefore, the Court declines to apply an across-the-board reduction to the hours figure.

The Courts own review of the hours billed by Miller's counsel indicates they are reasonable. Miller notes that, in the exercise of prudent billing judgment, the hours that senior-level attorneys other than Billips and Maduff spent on this matter were excluded from the fee application and any hours billed that could be considered "excessive, redundant, or unnecessary" were eliminated. (Pl.'s Mot. for Atty's Fees, at 6-7). For example, of the five depositions conducted, Millers' counsel only billed for time spent in two of them. (*Id.* at 8). In the Court's experience, the number of hours billed is more than reasonable for a case that involved little to no motions practice and minimal discovery, but did have several settlement offers and a trial. *See*

10

*Norman*, 836 F.2d at 1299-1300. For these reasons, the Court finds Miller's requested 307.5 hours to be reasonable.

### C. Summary of Calculations

Based on the foregoing, the total award of attorney's fees to Miller against Coventry is $151,977.50. This figure was derived using the updated itemized time sheet Miller submitted with her reply brief, [Doc. 85-1], with the hourly rates for all entries billed by Maduff and Billips reduced to $600. The Court did not reduce the hourly rate for any other member of Miller's legal team and did not exclude any hours billed from its calculation. Accordingly, Miller's initial Motion for Attorney Fees and Expenses [Doc. 69] will be denied as moot and her Interim Motion for Attorney Fees [Doc. 83] will be granted.

### IV. Conclusion

For the foregoing reasons, the Plaintiff Dedria Miller's Motion for Attorney Fees and Expenses [Doc. 69] is DENIED as moot and her Interim Motion for Attorney Fees [Doc. 83] is GRANTED. The Court hereby awards the Plaintiff attorney's fees in the amount of $151,977.50 against the Defendant Coventry Holding Group, Inc.

SO ORDERED, this ____3rd____ day of April, 2025.

THOMAS W. THRASH, JR.
United States District Judge

11