IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEDRIA MILLER,

    Plaintiff,

    v.

COVENTRY HOLDING GROUP, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-2064-TWT

## OPINION AND ORDER

This is an employment retaliation action. It is before the Court on the Defendant Coventry Holding Group, Inc.'s Motion to Alter the Judgment [Doc. 70]. For the reasons set forth below, the Defendant's Motion to Alter the Judgment [Doc. 70] is GRANTED.

### I. Background

This matter went to trial on November 4, 2024. A jury found in the Plaintiff Dedria Miller's favor on her sole retaliation claim under Title VII of the Civil Rights Act of 1964 and awarded her a total of $305,925 in damages: $110,925 for net loss of wages and benefits ("backpay"); $100,000 for emotional pain and mental anguish ("compensatory"); and $95,000 in punitive damages. [Docs. 57, 58]. After the jury rendered the initial verdict for backpay and compensatory damages, Coventry raised a challenge to the statutory cap as it applies to the sum of the compensatory and punitive damages awards, referencing 42 U.S.C. § 1981a(b)(3)(A). (Jury Trial Tr., Vol. III, 55:21-56:5).

That statute caps the damages, excluding backpay, at $50,000 per claimant in the case of a defendant-employer with between 14 and 101 employees in each of 20 or more calendar weeks of the current or preceding year. 42 U.S.C. § 1981a(b)(2), (b)(3)(A). Miller argued that the $50,000 cap did not apply in this case because Coventry had not introduced evidence of the number of employees it had and, as a result, the statutory maximum of $300,000 in damages applied. (Jury Trial Tr., Vol. III, 56:7-56:20). The Court declined to take up the issue at that time, directing the parties to brief the issue and noting that Coventry could move under Fed. R. Civ. P. 59(e) to adjust the damages award. (*Id.* at 56:23-57:5, 64:22-65:5). The jury rendered the verdicts on November 6, 2024, and Coventry filed the present Motion to Alter the Judgment under Rule 59(e) on November 26, 2024. [Docs. 57-58, 70].

## II. Legal Standards

Under Rule 59(e), a party may move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). "[T]here are four appropriate grounds upon which to reconsider a judgment: (1) to correct manifest errors of law or fact, (2) to prevent manifest injustice, (3) to account for an intervening change in

controlling law, and (4) to allow the moving party to present newly discovered or previously unavailable evidence." *Tenor Cap. Partners, LLC v. GunBroker.com, LLC*, 2022 WL 12464321, at *2 (N.D. Ga. Oct. 21, 2022).

### III. Discussion

In its Motion, Coventry asks the Court to reform the damages awarded by the jury, arguing that the $50,000 statutory damages cap in § 1981a(b)(3)(A) applies because it has always had fewer than 101 employees. (Def.'s Mot. to Alter J., at 3-4). By way of evidence, Coventry relies on an affidavit of its executive director, Deborah Osterhaudt, its responses to one of Miller's discovery requests, and its outline of the case that it attached to the proposed consolidated pretrial order. (*Id.* at 3). Coventry contends that the statutory cap is not an affirmative defense and is instead "non-negotiable," asserting that the number of employees it employed was not a relevant issue at trial. (*Id.* at 4-5). Thus, it argues, this Court can consider evidence outside of that presented at trial in ruling on the present Motion. (*Id.* at 5-7).

Miller argues in response that Coventry did not present any evidence at trial as to the number of employees it had and Osterhaudt's affidavit speaks only to the number of employees for a small portion of 2021. (Pl.'s Resp. in Opp. to Mot. to Alter J., at 3-4). Miller contends that it is Coventry's burden to prove the statutory cap in § 1981a(b)(3)(A) applies and that it has failed to carry its burden here, having submitted no evidence supporting secondary locations, the

3

number of employees it had during the relevant time period, what method it relied on to count employees, or whether it excluded independent contractors and employees placed through staffing agencies. (*Id.* at 4-6).

To start, a Rule 59(e) motion is the appropriate vehicle to raise a statutory damages cap argument under 42 U.S.C. § 1981a(b)(3). As the statute mandates that damages cannot exceed certain amounts whenever the caps apply, the Court must correct the jury's damages award to conform to the statutory cap in order to avoid a "manifest error of law." *Tenor Cap. Partners, LLC*, 2022 WL 12464321, at *2. The Eleventh Circuit has not yet addressed the issue of burdens under § 1981a(b)(3) and, more specifically, whether application of the statutory damages cap is an affirmative defense. The Court thus turns to instructive district court decisions on the matter. In *Khatabi v. Car Auto Holdings, LLC*, the district court concluded that "the plain text of [the statute] plainly illustrate[s] that the damages caps are not potential defenses, but are non-negotiable components of the statutes: damages awards simply 'shall not' exceed the specified amounts." 2024 WL 3326888, at *10-11 (S.D. Fla. July 8, 2024). In so finding, the court noted that the Eleventh Circuit has generally indicated that defenses not enumerated under Fed. R. Civ. P. 8(c)—such as the damages cap "defense" here—are less likely to be waivable, and are therefore not in the nature of affirmative defenses. *Id.* at 11 (citing *Proctor v. Fluor Enters., Inc.*, 494 F. 3d 1337, 1351 (11th Cir. 2007) ("The

general rule of waiver is more easily applied when a party fails to set forth one of the nineteen defenses specifically listed in Rule 8(c); waiver becomes less clear when a party fails to assert affirmatively some 'other matter' that pre-existing federal case law has not clearly construed as 'constituting an avoidance or affirmative defense' under Rule 8(c).").

Although there is no waiver issue here, the waiver analysis is supportive of the Court's conclusion that, just as the *Khatabi* court found, the statutory damages cap is not an affirmative defense that must be raised and is instead a statutory mandate on the Court. *Khatabi*, 2024 WL 3326888, at *11 ("[T]he damages caps are simply non-negotiable limits on liability; a requirement, not an option."). That conclusion leads the Court to the burden issue. The *Khatabi* court determined that because § 1981a's damages cap is "non-negotiable," it was "merely a component of the damages element of the prima facie claim, thus one which [p]laintiff is dutybound to support with evidence." *Id.* at *12. In *Shipley v. Hypercom Corp.*, the court relied on the First Circuit's decision in *Hernandez-Miranda v. Empresas Diaz Masso, Inc.*, 651 F.3d 167 (1st Cir. 2011) to find that the defendant bears the burden of proof on establishing the statutory cap, not the plaintiff. 2012 WL 12872905, at *8 n.15 (N.D. Ga. Apr. 10, 2012). The *Shipley* court also found that it was not limited to considering the evidence offered at trial when evaluating the size of a defendant-employer. *Id.* at *8. Other courts, relying on *Shipley* among other cases, have found that

the defendant bears the initial burden of proving the number of employees it has, at which point the burden shifts to the plaintiff to refute the defendant's proof. *See, e.g.*, *Chapman v. Olymbec USA, LLC*, 2020 WL 1976829, at *7 (W.D. Tenn. Apr. 24, 2020). Having reviewed the relevant case law, the Court finds this middle ground to be the best approach.

The Plaintiff primarily relies on *Soto v. LCS Corrs. Servs., Inc.*, a district court case out of the Southern District of Texas that the Court does not find persuasive. There, the court found that § 1981a(b)(3)'s damages cap was not an affirmative defense before determining that the defendant-employer "bears the burden of proving that it employed fewer than the requisite number of employees." 2013 WL 4012627, at *7 (S.D. Tex. Aug. 5, 2013). But the *Soto* court's conclusion in this regard seems to be buttressed by a select subset of supportive cases and this Court is not inclined to believe that the Eleventh Circuit would address the issue similarly. As explained below, although the Court would ultimately find in Coventry's favor regardless of whether the burden is the plaintiff's or the defendant's, the Court will follow the *Chapman* burden-shifting approach with guidance from *Khatabi* and *Shipley*.

Turning first to Coventry's evidence, it argues that it has shown it has fewer than the statutory limit in § 1981a(b)(3)(A) of 101 employees based on three different pieces of evidence. First, in her affidavit, Coventry's Executive Director Deborah Osterhaudt states that she has been in that role since

6

December 2021 and, between that date and the November 2024 date that she signed her affidavit, Coventry has maintained between 17 and 18 employees. (Def.'s Mot. to Alter J., Ex. 1 ¶¶ 3-6). Second, in Coventry's December 2023 second supplemental responses to Miller's first interrogatories and requests for production of documents, Coventry stated that the number of employees it had "over the relevant period" fluctuated between less than 15 employees and more than 15 employees. (Def.'s Mot. to Alter J., Ex. 2 at 8). Third, in the proposed pretrial order, Coventry included a statement in its outline of the case stating that it had between 14 and 101 employees, which warranted application of the statutory cap. [Doc. 27 at 40-41]. Contrary to Miller's contentions otherwise, the Court concludes that as the statutory cap issue is one for the Court to decide post-trial, it may consider evidence outside that presented at trial. *Shipley*, 2012 WL 12872905, at *8.

The Court finds the first two pieces of evidence supportive of its burden while the third holds little weight. Contrary to Miller's argument, Osterhaudt's affidavit covers the entirety of 2022—the year that Miller was terminated. The outline Coventry references was not incorporated into the signed pretrial order and reflects nothing more than Coventry's position on the case—an outline that is meant to be informative for the Court and, as such, is not truly evidence. Thus, the Court will disregard it. Additionally, the Court notes that at trial, Coventry's managing partner Michael Cress testified that "[he] had 25

7

employees" at the time that the harassment and termination of Miller took place. (Jury Trial Tr., Vol. II, 101:14-19). While this evidence does not allow the Court to determine with any specificity the number of employees Coventry actually had during the relevant time period, it does establish that the number of employees was far less than 101. *See* 42 U.S.C. § 1981(a)(b)(3)(A). The burden thus shifts to Miller to refute Coventry's evidence, and she has not done so here. Miller's entire argument relies on the premise that Coventry has not carried its burden and, rather than pointing to contradicting evidence, she simply points to perceived holes in the evidence Coventry has supplied. To be sure, Coventry could have provided more thorough and complete evidence, including whether it had multiple locations that were not taken into consideration, what method it used to count employees, and whether certain employees such as independent contractors were excluded. But application of the statutory cap is not discretionary for the Court and Miller has not pointed to *any* contrary evidence supporting its position that the cap should not apply. *Khatabi*, 2024 WL 3326888, at *12 (noting that the plaintiff must support its position on the statutory cap issue "with evidence.").

Thus, regardless of whether the burden is Coventry's alone or whether it shifts, as the Court found, Coventry has carried its evidentiary burden of showing that the statutory damages cap of $50,000 in combined compensatory and punitive damages in § 1981a(b)(3)(A) applies. Accordingly, the Court will

grant Coventry's Motion to Alter the Judgment [Doc. 60] and reduce the jury's compensatory and punitive damages award from a total of $195,000 to a total of $50,000. *See* 42 U.S.C. § 1981a(b)(3)(A). This adjustment does not impact the jury's award of $110,925 in backpay. *See* 42 U.S.C. § 1981a(b)(2).

### IV. Conclusion

For the foregoing reasons, the Defendant Coventry Holding Group, Inc.'s Motion to Alter the Judgment [Doc. 70] is GRANTED. The jury's award of $100,000 in compensatory damages for emotional pain and mental anguish and $95,000 in punitive damages, totaling $195,000, is REDUCED to a total award of $50,000, pursuant to 42 U.S.C. § 1981a(b)(3)(A). The Clerk is DIRECTED to enter an amended judgment reflecting this adjustment.

SO ORDERED, this 3rd day of April, 2025.

THOMAS W. THRASH, JR.
United States District Judge