IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEDRIA MILLER,

    Plaintiff,

    v.

COVENTRY HOLDING GROUP, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-2064-TWT-CMS

**OPINION & ORDER**

This is an employment discrimination action. It is before the Court on the Plaintiff Dedria Miller's Motion for Supplemental Attorney Fees and Costs [Doc. 94]. For the following reasons, the Plaintiff's Motion is granted.

The facts of this action and the resulting proceedings are well known to the parties. After a jury trial resulted in a verdict in the Plaintiff's favor, the Court granted the Plaintiff's Interim Motion for Attorney Fees and awarded the Plaintiff attorney's fees in the amount of $151,977.50. [Docs. 83, 89]. The Court entered an amended judgment to that effect on April 4, 2025, along with amendments resulting from other post-trial motions filed by the parties. [Doc. 92]. On May 9, 2025, the Plaintiff filed the Motion for Supplemental Attorney Fees and Costs that is presently before the Court. [Doc. 94]. The Defendant did not respond to the Motion.

## I. Legal Standards

A party prevailing on a Title VII claim may seek reasonable attorney's fees from the Court, and the Court has discretion to grant such an award. 42 U.S.C. § 2000e-5(k). The Eleventh Circuit has approved the use of the lodestar method for calculating reasonable attorney's fees in these types of cases. *See, e.g.*, *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1491-92 (11th Cir. 1994). Under the lodestar analysis, "the [C]ourt must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services." *Ass'n of Disabled Am. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

## II. Discussion

In its prior order, the Court awarded fees for work done in this matter through November 21, 2024, the day before the Interim Motion for Attorney's Fees was filed. Since that date, the Plaintiff filed a successful post-trial motion and defended against two post-trial motions filed by the Defendant. [*See* Docs. 68-70]. In the present Motion, the Plaintiff seeks attorney's fees for the time spent on those matters as well as settlement discussions, plus related expenses. (Pl.'s Br. in Supp. of Mot. for Suppl. Atty's Fees, at 2-3). In total, the Plaintiff seeks $20,045.96 in supplemental attorney's fees. (*Id.* at 3). In support, she attaches itemized timesheets, an expense report, and a declaration of attorney Aaron Maduff. (*Id.*, Ex. 1-3 [Docs. 94-1 to 94-3]).

The Plaintiff incorporated the Court's previously approved $600 per hour rate for work performed by attorneys Maduff and Billips and avers that any arguably excessive, redundant, or otherwise unnecessary hours have been reduced. (Pl.'s Br. in Supp. of Mot. for Suppl. Atty's Fees, at 2-3). Having previously conducted the requisite lodestar analysis as to an appropriate hourly rate in this case, (*see* Apr. 3, 2025 Op. & Ord., at 5-9), the Court will adopt that analysis here and finds the $600 per hour rate to be appropriate for hours billed by Maduff and Billips. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (noting that the party seeking attorney's fees bears the burden as to the requested hourly rate). As to the hours and expenses requested, the Court has reviewed the Plaintiff's attached exhibits and finds the requested 43.70 hours to be reasonable for the post-trial work in this matter, along with the $1,965.96 in requested expenses related to this work. (Pl.'s Br. in Supp. of Mot. for Suppl. Atty's Fees, Ex. 1 at 6; *Id.*, Ex. 2 at 1). Accordingly, and without opposition from the Defendant, the Court will grant the Plaintiff's Motion for Supplemental Attorney Fees and Costs [Doc. 94].

### III. Conclusion

For the foregoing reasons, the Plaintiff Dedria Miller's Motion for Supplemental Attorney Fees and Costs [Doc. 94] is GRANTED. The Court hereby awards the Plaintiff supplemental attorney's fees in the amount of $18,080 and expenses in the amount of $1,965.96, for an award totaling

$20,045.96, against the Defendant Coventry Holding Group, Inc.

SO ORDERED, this ___18th___ day of September, 2025.

                                              THOMAS W. THRASH, JR.
                                              United States District Judge