IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEDRIA MILLER,

    Plaintiff,

       v.

COVENTRY HOLDING GROUP, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-2064-TWT

## OPINION AND ORDER

This is an employment retaliation case. It is before the Court on the Plaintiff Dedria Miller's Motion for Joinder of Parties [Doc. 100]. For the following reasons, the Plaintiff's Motion for Joinder of Parties [Doc. 100] is DENIED.

## I.  Background

This matter went to trial on November 4, 2024. A jury found in Plaintiff Dedria Miller's favor on her retaliation claim under Title VII of the Civil Rights Act of 1964 and awarded her back pay, compensatory, and punitive damages. Post-trial, Miller also sought front pay and attorney's fees, which the Court granted. [Docs. 89, 90, 98]. The Defendant Coventry Holding Group, Inc. ("Coventry") moved post-trial to reduce the damages the jury had awarded at trial, which the Court also granted. [Doc. 91]. Seven months after the Amended Judgment was entered, Miller moved to join another party—Coventry Limited (L.P.)—to this action, seeking to bind it as a defendant to the Amended

Judgment. [Doc. 100]. That Motion is presently before the Court.

## II.  Legal Standards

Amendments to a complaint post-trial are governed by Federal Rule of Civil Procedure 15(b). That rule permits amendment based on an objection made at trial "that evidence is not within the issues raised in the pleadings." Fed. R. Civ. P. 15(b)(1). It also permits amendment "to amend the pleadings to conform them to the evidence and to raise an unpleaded issue" if that issue was tried by the parties' express or implied consent at trial. Fed. R. Civ. P. 15(b)(2). If a post-trial amendment is permitted by one of these two subsections, Rule 15(c) then governs whether the amendment relates back to the date of the original pleading. Fed. R. Civ. P. 15(c).

## III. Discussion

The Plaintiff moves to join Coventry Limited as a defendant to this action, arguing that it "actually defended this case [and] hid itself as a proper Defendant[,] leaving Plaintiff to pursue [the Defendant], an empty shell company with no employees . . . . This was a deliberate effort to commit a fraud upon the Court and Plaintiff to prevent Plaintiff from obtaining a judgment against the party having control and resources." (Pl.'s Mot. for Joinder of Parties, ¶ 1). In particular, the Plaintiff argues that the Defendant hid Coventry Limited's existence by failing to disclose it as an interested party, using the trade name Coventry Place, falsely affirming that the Plaintiff was

2

an employee of the Defendant rather than Coventry Limited, and falsely certifying in the Joint Preliminary Report and Discovery Plan that no parties were inaccurately stated. (*Id.* at 4-5). The Plaintiff seeks to add Coventry Limited as a defendant to this action, post-judgment, under Federal Rules of Civil Procedure 19 and 20. (*Id.* at 5-6).

The Defendant opposes the Motion, arguing that the Plaintiff's allegations are false: the Defendant was the Plaintiff's employer, Coventry Place is solely a trade name and not a legal entity, Michael Cress testified to the existence of Coventry Limited and the business's partnership structure in his deposition pre-trial, and Coventry Limited had no financial interest in this case because it does not own any interest in the Defendant. (Def.'s Resp. in Opp'n to Mot. for Joinder of Parties, at 3-6). Additionally, the Defendant contends that Rule 15(b) does not permit post-trial amendment under the circumstances the Plaintiff alleges here. (*Id.* at 6-10).

The Court agrees with the Defendant that the amendment the Plaintiff seeks is procedurally improper. First, the Plaintiff misunderstands the applicable Civil Rule. Rule 15—not Rules 19 or 20— is the proper procedural vehicle for adding a new defendant to an action. *See, e.g.*, *Santiago-Cruz v. Dignity Health Med. Found.*, 2024 WL 6085712, at *3 n.4 (N.D. Ga. Mar. 28, 2024); *Webber v. Fleetwood Homes of Georgia*, 2005 WL 8158489, at *2 (N.D. Ala. Oct. 21, 2005). The parties spend much of their briefs arguing over Rule

3

15(c), but the relation back issue is only relevant if amendment is permitted under Rule 15(a) or (b) in the first place. In this case, since the Plaintiff is moving post-judgment, the Plaintiff's only options for amendment are Rule 15(b)(1) and (b)(2). Rule 15(b)(1) does not apply because the Plaintiff did not object at trial with regard to whether Coventry Limited might be a proper defendant. *See* Fed. R. Civ. P. 15(b)(1). And Rule 15(b)(2) does not apply because this issue was not raised at trial at all, so it certainly was not "tried by the parties' express or implied consent." Fed. R. Civ. P. 15(b)(2).

There is another procedural issue which neither party addresses, and that is whether the Court can consider a Rule 15 amendment post-judgment in the first place. While Rule 15(b) expressly contemplates amendments after trial, it says nothing about amendments sought post-judgment. The Eleventh Circuit recently addressed a variation of this issue in *MacPhee v. MiMedx Group, Inc.*, 73 F.4th 1220 (11th Cir. 2023). There, the Eleventh Circuit reaffirmed its prior holdings in *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552 (11th Cir. 1984). *MacPhee*, 73 F.4th at 1250. In particular, the Court explained that post-judgment, a plaintiff can move for relief under Rules 59(e) or 60(b) "on the basis of proposed amendments," because those rules apply after an action is dismissed, whereas Rule 15 applies when a complaint has been dismissed but the action is not yet dismissed. *Id.* Applying *Czeremcha*, the court reviewed the district court's

4

denial of the plaintiff's post-judgment request for leave to amend under Rules 59(e) and 60(b). *Id.*

Rule 59(e) permits motions to alter or amend a judgment, though they must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The Amended Judgment in this matter was entered on April 4, 2025, and the Plaintiff filed the present Motion on November 11, 2025. [Docs. 92, 100]. So, any request for relief under Rule 59(e) would be time barred. Rule 60(b) permits motions for relief from a judgment in certain enumerated circumstances:

> On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons:
>    (1) mistake, inadvertence, surprise, or excusable neglect;
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>    (4) the judgment is void;
>    (5) the judgment has been satisfied, [or is no longer valid]; or
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Plaintiff has not satisfied any of these prongs here. First, the Plaintiff does not argue that failing to join Coventry Limited as a defendant in the first place was either a mistake or due to excusable neglect. Second, although she contends that she only recently discovered Coventry Limited's existence, Michael Cress's deposition testimony indicates that the company's corporate structure was made known to the Plaintiff, at least in so

5

much as it should have prompted her to look into whether there may be other possible defendants, which negates the "could not have been discovered in time" with "reasonable diligence" prong of subsection (b)(2). [*See* Def.'s Resp. in Opp'n to Mot. for Joinder of Parties, Ex. B [Doc. 101-2], at 13:23-14:5 ("We're a limited partnership. We have a general partnership called Coventry Holding Group, Inc. It owns 1 percent of the equity position, and the limited partners then own in the same prorated amount.")]. Third, and based on the same evidence, there is no indication of fraud or misrepresentation here. The Plaintiff had the information it needed to discover potential other defendants in this matter, and apparently did not pursue that possibility prior to trial. In any event, as the Defendant points out, it was the Plaintiff's and Deborah Osterhaudt's actual employer, and the Plaintiff has not pointed to any actual evidence in support of her contentions that Coventry Limited was actually pulling the strings behind the scenes. (*See id.*, Ex. A [Doc. 101-1] (a W-2 identifying the Defendant Coventry Holding Group, Inc. as Osterhaudt's employer)]. The fact that the Defendant apparently used the name "Coventry Place" as a trade name for the senior living community that the Plaintiff worked at is not the smoking gun that the Plaintiff thinks it is as far as her allegations that the Defendant concealed Coventry Limited's existence. The Court fails to see how the trade name Coventry Place somehow concealed Coventry Limited's existence, and the Plaintiff has done little to connect those

dots. The Plaintiff herself acknowledges in her motion that the Defendant "admit[ted] Coventry Holding manages the business known as Coventry Place. It states Coventry Place is a trade name for a senior retirement community and it is not a legal entity. Coventry Limited (L.P.) is [a] Georgia Limited Partnership that exists for the purpose of owning and developing Coventry Place." (Pl.'s Mot. for Joinder of Parties ¶ 37). These assertions do not indicate any sort of fraud on the Defendant's part and, further, the fact that this was an employment retaliation action indicates that the Defendant—who was responsible for managing Coventry Place—was the proper defendant to sue.

Moreover, there are no allegations that the judgment at issue is void or has been satisfied or vacated, so subsections (b)(4) and (b)(5) do not apply. And for the foregoing reasons, the Plaintiff has not satisfied the heavy burden of establishing that "any other reason" justifies relief. *See Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) ("[R[elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. . . . The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." (citations modified)). While the Court is sympathetic to the fact that the Plaintiff may not be able to satisfy her judgment from the Defendant, that is not the "extreme and unexpected hardship" that Rule 60(b)(6) contemplates and does not justify binding another party to the judgment in this matter a

7

year post-jury trial. Accordingly, the Plaintiff's Motion for Joinder of Parties will be denied.

## IV. Conclusion

For the foregoing reasons, the Plaintiff Dedria Miller's Motion for Joinder of Parties [Doc. 100] is DENIED.

SO ORDERED, this ____28th____ day of July, 2026.

THOMAS W. THRASH, JR.
United States District Judge